# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

KENNETH O'KEITH REED                                                                PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:17CV-P536-TBR

CORRECT CARE SOLUTION *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth O'Keith Reed, a convicted prisoner incarcerated in the Kentucky State Reformatory (KSR), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some claims to proceed, will give Plaintiff an opportunity to file an amended complaint with respect to the medical treatment claims, and will dismiss all other claims.

## I. STATEMENT OF CLAIMS

Plaintiff brings suit against "Correct Care Solution Medical Dept." (hereinafter, CCS); KSR; and KSR Grievance Coordinator Casey Dowden in her individual and official capacities.

Plaintiff alleges that in 1997 he was sent to Jewish Hospital by Dr. Kemen of CCS to receive a spinal tap, which "was medically ordered as a result of severe pain that plaintiff was experiencing as a result of a Bulding disc." Plaintiff states that during the surgery, he suffered injuries to his spinal cord which left him in a paraplegic state. He reports that in 2005, as a result of the paralysis and its side effects, a catheter insertion was performed in the medical office at KSR "where there is no sterial or clean inviirament to operate on Plaintiff." He claims that "[t]he medical office in nurse's care is not the proper place to open any wound where there is air born pathigins around" and that the "catheter was left in too long." As a result, claims Plaintiff, a

second catheter procedure had to be performed on March 24, 2014, at UofL Medical Center and that the second catheter is now permanently placed in his stomach.

Plaintiff alleges that "[a]s a result of the failed spinal procedure and care of my catheter from 2005 – 2017, I will need ongoing medical care, medical supplies and medications for the rest of my life" and that "[t]hese incidents and the on-going issues from 1997 till now 2017, have created extreme pain and suffering to my body, mind, and everyday life." He asserts that his "condition significantly affects h[i]s daily activities" and that he has "chronic serious pain." Plaintiff alleges that he keeps having infections "due to nurse not being trained properly on cathater changed and leave it in to long. Do not have the right cathater and supplies." He claims that the "prison doctor fails to respond appropriately or does not respond at all to plaintiff serous medical needs" and also claims that "non-medical officials interfere with the treatment that his doctor has ordered."

Plaintiff reports filing grievances "on April 12 – 17, may 3 – 17, Jul 3 – 17"; that "KSR Grievance office will not investigate this ongoing problem"; and that some of his grievances have been returned as non-grievable. Plaintiff additionally claims that he "is being threating with physical violence for exercise of his right to seek redress from the prison through use of the prison grievance system, Casey Dowden, the grievance coordinator is retaliating against Plaintiff, unlawfully."

As relief, Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. The statute requires the Court to review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. Defendant KSR

KSR is part of the Kentucky Department of Corrections (DOC). The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under § 1983, the Court will dismiss the claims against KSR for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KSR. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341

(1979)). Thus, the Court will also dismiss the claims against KSR for seeking monetary relief from a Defendant immune from such relief.

### B. *Defendant Dowden*

The official-capacity claims for damages against Defendant Dowden will be dismissed on two bases. First, Defendant Dowden is not a "person" subject to suit within the meaning of § 1983 when sued in her official capacity for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacities are not persons who may be sued for damages under § 1983). Second, Defendant, as a state official sued in her official capacity for damages, is absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

In liberally construing the complaint, as it must, the Court concludes that Plaintiff is alleging that Defendant Dowden threatened him with physical violence in retaliation for filing grievances. The Court will allow this retaliation claim to proceed against Defendant Dowden in her individual capacity for damages and in her official capacity for equitable relief.

### C. *Defendant CCS*

Upon review of the complaint, the Court will allow Eighth Amendment claims of failure to train medical personnel and failure to maintain proper medical supplies and a state-law negligence claim to continue against Defendant CCS.[1]

### D. *Remaining Claims*

In addition to alleging medical claims against Defendant CCS, Plaintiff contends that others have failed to treat his ongoing medical problems. However, he does not name as a defendant any specific individual(s) responsible for the alleged denied/inadequate medical treatment. Under Rule 15(a) of the Federal Rules of Civil Procedure, however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, the Court will allow Plaintiff to file an amended complaint naming as a Defendant any person he claims has denied/is denying him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant has denied/is denying him medical treatment.

Finally, Plaintiff alleges that grievances have not been investigated and that some grievances have been returned as non-grievable. Any complaint regarding the jail's grievance procedure fails to state a constitutional claim. *See LaFlame v. Montgomery Cty. Sheriff's Dep't*, No. 00-5646, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (holding that inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure") (citing

---

[1] The Court acknowledges a potential statute-of-limitations problem with respect to some of the medical treatment claims. However, because Plaintiff alleges that his medical issues have been ongoing, the Court will allow all medical treatment claims to continue past initial review.

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right). Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims against KSR, the official-capacity claims for damages against Defendant Dowden, and the claims related to the handling of his grievances are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS ORDERED that the following claims shall proceed past initial review**: (1) Eighth Amendment claims of failure to train medical personnel and failure to maintain proper medical supplies and a state-law negligence claim against Defendant CCS for all relief; and (2) a retaliation claim against Defendant Dowden in her individual capacity for damages and in her official capacity for equitable relief. In allowing the claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** naming as Defendant(s) any other person(s) he claims has denied/is denying him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant denied him medical treatment. The **Clerk of Court is DIRECTED to write the instant case number and "Amended" on a § 1983 complaint form and send it, along with**

**four blank summons forms, to Plaintiff** for his completion should he wish to file an amended complaint.

Following expiration of the 30-day period, the Court will perform an initial review of the amended complaint, or if none is filed, will enter a separate Order Regarding Service and Scheduling Order to govern the continuing claims.

Date:


cc: Plaintiff, *pro se*
   Defendants
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005