UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KENNETH O'KEITH REED, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:17-CV-536-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CORRECT CARE SOLUTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Upon filing the instant action, Plaintiff Kenneth O'Keith Reed, who is proceeding *pro se*, assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Additionally, in the Scheduling Order entered September 17, 2018 [R. 9], the Court advised Plaintiff that he must provide a written notice of change of address to the Clerk of Court and Defendants' counsel and warned him that his failure to do so may result in dismissal of the action.

On February 7, 2019, the copy of an Order sent to Plaintiff at the Kentucky State Reformatory (KSR) was returned to the Court by the U.S. Postal Service with the envelope stamped "Returned To Sender, Not Deliverable As Addressed, Unable to Forward" [R. 23]. A handwritten notation on the envelope indicates, "RTS." *Id.* Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendants in this action can be served

on Plaintiff. Further, the record reflects that Plaintiff has taken no action in this case since filing an amended complaint in February 2018 [R. 7].[1]

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules and the Court's Scheduling Order by failing to provide written notice of a change of address and has failed to take any action in this case for over a year, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

---

[1] Plaintiff failed to respond to three motions to dismiss filed by Defendants [R. 19; R. 20; R. 21]. In Defendant Casey Dowden's motion to dismiss [R. 19], she sought dismissal pursuant to LR 5.2(e) for Plaintiff's failure to notify the Court of an address change. To her motion, Defendant Dowden attached two exhibits. The first is a returned envelope containing the waiver of service she mailed to Plaintiff at the KSR. Defendant Dowden reports that the mailing was returned to her on October 22, 2018, and marked "UTF" (unable to forward). The second exhibit is a copy of the Parole Board's Mandatory Reentry Supervision order releasing Plaintiff "Effective on or after May 01, 2018."

The Court will enter a separate Order of dismissal.

This the 13th day of March, 2019.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
 Counsel of record
A958.005